UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Equabli, Inc., | Case No. 2:25-cv-01444-CDS-MDC |
| Plaintiff | Order Granting Motion for Preliminary Injunction, Denying Motion for a Temporary Restraining Order as Moot, and Granting Motions to Seal |
| v. | |
| EverChain LLC, | |
| Defendant | [ECF Nos. 10, 11, 12, 13, 19] |

On August 8, 2025, plaintiff Equabli, Inc. filed a motion for a temporary restraining order (TRO) and a motion for a preliminary injunction (PI). ECF Nos. 10, 12. In conjunction with those filings, Equabli filed motions to seal the exhibits to the motions for temporary restraining order and preliminary injunction. Mots. to seal, ECF Nos. 11, 13. To date, no opposition to the motions has been filed. Prior to the deadline to file responses to those motions, the parties filed a proposed stipulated PI on August 15, 2025. Proposed stip., ECF No. 19. Because I find the *Winter* factors[1] are met here, and because the parties stipulate to entry of the PI, Equabli's motion for a preliminary injunction is granted, the motion for a temporary restraining order is denied as moot. The order approving the stipulated PI will be docketed separately. Further, for the reasons set forth below, the motions to seal are granted.

I.   **Legal standard**

In the Ninth Circuit there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The public interest in full disclosure of documents is grounded upon "ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). The Ninth Circuit has made clear that the sealing of entire

---

[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

documents is improper when confidential information can be redacted to leave meaningful information available to the public. *Foltz*, 331 F.3d at 1137. To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g., Press-Enter. Co. v. Superior Ct. of California*, 464 U.S. 501, 513 (1984) (sealing orders should be "limited to information that [is] actually sensitive"). Thus, only the portions of a filing that contain specific reference to confidential documents or information, and exhibits that contain such confidential information, may be filed under seal. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011). Trade secrets and proprietary confidential business information are routinely considered "compelling reasons" to seal. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant").

"[C]ompelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (internal quotation marks and citation omitted). Therefore, the party seeking to have the document sealed must present "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. *Id.* at 1180. ").

## II.     Discussion

Equabli seeks to seal Exhibit E to its motions for PI/TRO, which contains proprietary data and trade secret information it claims that, if released, could be detrimental to its business. *See generally* ECF Nos. 11, 13. Having reviewed the motions and Exhibit E, I find that Equabli has demonstrated compelling reasons for seeking to keep Exhibit E under seal and has narrowly

2

tailored its request to only the material which warrants secrecy, that is proprietary, confidential business information, and trade secrets. *See* ECF Nos. 11-2; 13-2. For those reasons, Equabli's motions to seal are granted. *See Bullion Monarch Mining, Inc. v. Barrick Goldstrike Mines, Inc.*, 2018 U.S. Dist. LEXIS 187819, at *2, *13 n.2 (D. Nev. Nov. 1, 2018) (finding compelling reasons to seal selective references to and exhibits describing defendant's confidential business information because it may harm defendant's competitive standing if revealed).

III.    Conclusion

IT IS HEREBY ORDERED that Equabli's motion for temporary restraining order **[ECF No. 10] is DENIED as moot**.

IT IS FURTHER ORDERED that Equabli's motion for a preliminary injunction **[ECF No. 12] is GRANTED**. The proposed stipulated preliminary injunction **[ECF No. 19] is approved** and will enter separately.[2]

IT IS FURTHER ORDERED that Equabli's motions to seal **[ECF Nos. 11, 13] are GRANTED**.

The Clerk of Court is kindly directed to maintain the seal on ECF Nos. 11, 13.

Dated: September 2, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] The court made minor modifications to the proposed order.

3